Richard Henry Lampkin and Irma Hutton Lampkin v. Commissioner.
Lampkin v. Commissioner
Docket No. 26814.
United States Tax Court
1952 Tax Ct. Memo LEXIS 187; 11 T.C.M. (CCH) 576; T.C.M. (RIA) 52173; June 9, 1952
*187 Richard Henry Lampkin, pro se. Thomas R. Charshee, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: A deficiency of $136.36 in petitioners' 1948 income tax gives rise to this proceeding. An overpayment is claimed in the amount of $14.38. After concessions by respondent, the remaining issue is whether a total of $821.50 expended in connection with his Doctor's Dissertation by petitioner Richard Henry Lampkin, hereinafter called petitioner, who is a college professor, is deductible as an ordinary and necessary business expense. The facts have all been stipulated. They are hereby found accordingly. Petitioners' return was filed with the collector for the fifth district of New Jersey. Unlike the situation in , it is stipulated that the activity carried on by this petitioner was "not required * * * in order to hold his position." Some program was "expected" of him, but it is nowhere suggested that this included work toward advanced academic credits, as was the case in The facts respecting the ultimate publication of the work for which the expense *188 was undertaken are far from clear. But it appears from petitioner's brief that he expects some reimbursement for his initial outlays, though to an indefinite and probably incomplete extent. This would suggest that capitalization of the expenditures might be proper, with current recoupment limited to an offset against receipts under the principle of , upon which petitioner himself relies. It would not justify deduction of any amount for the tax year in issue. On the other hand it is stipulated that: "11. Columbia University in the City of New York had other requirements for the Ph.D. degree in addition to the publication requirement, including the following: paying tuition to the University at a stated rate per credit point; paying matriculation fees, library fees, and other incidental fees; and completing an approved program of attendance on classes, which customarily involved purchase of textbooks, payment of living expenses away from home or of commutation expenses, and the like. Petitioner has not claimed any such expenses as deductions." If the expenditures in controversy are not capital in nature, then they seem to us more *189 nearly related to those of obtaining his Doctor's Degree, and being of a personal character are no more deductible than those for which petitioner makes no claim. ; . Not being "necessary" for petitioner's continued employment, they were not deductible as expenses of carrying on his profession. Cf. Since deduction cannot be permitted on either approach we find it unnecessary to decide whether the claimed expenditures should be considered purely personal or are of a capital character. Decision will be entered under Rule 50.